STATE OF CONNECTICUT *v.* KAIWI KELII

REVIEW DIVISION OF THE SUPERIOR COURT

Decided November 30, 1965

*Robert J. Pigeon,* public defender, of Rockville, for the defendant.

*Joel H. Reed II,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-two, pleaded guilty to a substituted information charging him with manslaughter under General Statutes § 53-13. He was sentenced to state prison for not less than seven years and not more than fifteen years. Section 53-13 provides that anyone who commits manslaughter shall be fined not more than $1000 or imprisoned not more than fifteen years or both.

The defendant was born in Hawaii, where he attended grammar and high school. He enlisted in the United States coast guard in 1953 and was honorably discharged from that service in 1957 at Portland, Maine. In 1957, he married his present wife, who then had three children by prior marriages. The defendant and his wife have three children who are aged nine, seven, and two years. In 1963, his wife and three children and two of her children by prior marriages came to Connecticut to reside in the Stafford area. The defendant's marriage had been a happy one until that time. In July, 1964, his wife started a clandestine relationship with one Holmes which she refused to terminate. In September, 1964, the defendant and his wife separated, and the defendant went to board with friends in East Hartford. Thereafter, the defendant continued to visit the children regularly. He paid the family bills and provided them with food and clothing. After the separation, his wife openly carried on her affair with Holmes. During the separation, the defendant learned that Holmes was disciplining the children and he warned him not to do so. The children said they were strapped by Holmes, and the defendant's wife admitted that she permitted Holmes to discipline the children.

The defendant made a number of efforts to effect a reconciliation, and on December 18, 1964, after talking to his wife, the defendant believed that he would be shortly reunited with his family. However, on December 19, 1964, when the plaintiff went to his wife's apartment, Holmes was present. An argument took place between the defendant and Holmes concerning the latter's attention to the defendant's wife and his mistreatment of the defendant's children. At that time, his wife informed the defendant that there would be no reconciliation. The defendant became very upset and left his wife's apartment. He decided that he could not permit Holmes to break up his home and that he would move back with his wife and family. He drove back to East Hartford, where he picked up some of his clothing and belongings, including his rifle and some cartridges. Upon his return, as he approached the door of his wife's apartment, he heard Holmes say to his children, "You kids keep that G-- d--- noise down or I'll beat you." Upon hearing this, the defendant became angry and highly upset. He went back to his car, took his rifle out and inserted four cartridges. He then returned to the apartment, opened the door without knocking, saw Holmes in the kitchen and fired two shots, killing him. He did not attempt to harm his wife, who was also in the kitchen at this time. The wife wrested the rifle from the defendant, who went to a nearby apartment looking for the rifle so that he could shoot himself. Failing to find it, he procured a large butcher knife and plunged it into his abdomen, after making two unsuccessful attempts to do so with a spatula and a smaller knife. Bleeding profusely, he drove to a friend's home, where he unsuccessfully sought to obtain the latter's rifle so that he could shoot himself. Several hours later, the defendant was arrested by the police as he sat in his car in a parking lot of the Stafford Springs hospital.

The sentencing problem is not one that yields to exact analysis, although a proper sentence is desirably one that fits both the crime and the individual. Such a sentence must of necessity take in many variables, including the gravity of the crime, both as to the particular circumtances of the offense charged, and the place of that crime in our social order, the prior record of the defendant, the recidivistic factor and the deterrent effect sought with reference to the commission of that crime by others. While manslaughter is not a deliberate and premeditated felony, it does involve the taking of another life. The maximum penalty of fifteen years is one indication of the gravity with which such a crime is to be regarded.

Prior to the instant offense, the defendant had no criminal arrest record of any kind. There is no recidivistic factor present. He served honorably in the Hawaiian national guard. He was honorably discharged from the United States coast guard after a four-year enlistment; his work record was excellent; past employers and his employer at the time of this offense characterized him as reliable, cooperative and even-tempered. Scores of his fellow employees over the years indicated that he was even-tempered, cooperative and a hard worker. He loves his family, and apparently even his wife, despite her admitted infidelity.

Under the circumstances, particularly the excellent past record of the defendant, this division believes that the defendant's minimum sentence should be reduced from seven to five years. The maximum is to remain at fifteen years, as ordered by the sentencing judge.

MEYERS, PALMER and HEALEY, Js., participated in this decision.